**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**CLARA M ADAMS**                                                                                     **PLAINTIFF**


**VERSUS**                                           **CIVIL ACTION NO.  2:08cv289KS-MTP**


**THE UNIVERSITY OF SOUTHERN MISSISSIPPI,
A PUBLIC UNIVERSITY; MR. JOSEPH MORGAN,
IN HIS CAPACITY AS THE CHIEF FINANCIAL OFFICER
FOR THE UNIVERSITY OF SOUTHERN MISSISSIPPI**                **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion for Summary Judgment **[#38]** filed on

behalf of the defendants.  The court, having reviewed the motion, the response, the

pleadings and exhibits on file and being otherwise fully advised in the premises finds

that the motion is well taken and should be granted.  The court specifically finds as

follows:


**FACTUAL BACKGROUND**

On April 10, 2000, defendant Joseph Morgan was the Assistant Director of

Purchasing at The University of Southern Mississippi ("USM").  One of his duties was to

review applications for employment.  The plaintiff, Clara Adams, applied for a clerk

position, level 6, in the Purchasing Department.  On March 30, 2000, Morgan

recommended that Ms. Adams be hired for the position and signed the personnel action form for Clara Adams to be hired as a level 6 purchasing clerk at the rate of $7.00 per hour.

Adams proved to be a marginal employee at best. On June 26, 2000, Ken Hayman, Director of Purchasing, requested that her probationary period be extended for an additional ninety days as Adams was excessively and chronically late for work. The personnel in the Purchasing Department at USM worked with Adams to help her overcome her chronic tardiness. In May of 2000, Adams and Director Hayman agreed that her work hours would be reduced from forty hours per week to thirty-five hours per work. Adams' tardiness continued.

On May 31, 2006, Morgan warned Adams in writing that excessive absences and tardiness continued to be a problem and he warned her again via a March 31, 2007 letter. Adams continued her tardy behavior and was admonished for being late by her supervisor, Shante Keith, in an April 2, 2007 letter. Adams was warned again by Ms. Keith on April 5, 2007.

Finally, Morgan informed Adams that her employment was terminated due to chronic and extreme tardiness. Morgan signed the personnel action form effectuating the termination on August 27, 2007. Adams' last day at work was August 22, 2007.

Adams signed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 21, 2008. The charge of discrimination was received by the EEOC on March 24, 2008. Although Adams did allege racial discrimination in her complaint to the EEOC, she did not allege retaliation, nor did she allege violation of the Equal Pay Act, both of which she has included in the present

litigation.

On September 24, 2008, the EEOC sent its letter to Adams indicating that it had

found that:

> Evidence shows that you were discharged for excessive tardiness and excessive attendance problems. Although you alleged that Whites who had tardiness and attendance problems were not discharged, there is no evidence to support your claim and there is no evidence to show that you have been discriminated against in the matter alleged.

Clara Adams, Pro Se, filed her initial Complaint on December 28, 2008. Her

one-page Complaint alleged that USM "discriminated based on race, retaliation, and

other related issues." USM was served with process in February 2009, and filed its

Answer on March 30, 2009. The plaintiff filed an Amended Complaint on June 9, 2009

and added Joseph Morgan as an additional defendant in October of 2009. The

defendants have produced a number of documents in discovery and have deposed the

plaintiff. The discovery period has ended and the defendants have filed the present

motion for summary judgment.


## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment

where "the pleadings, depositions, answers to interrogatories and admissions on file,

together with affidavits, if any, show that there is no genuine dispute as to any material

fact and that the moving party is entitled to judgment as a matter of law." *Celotex*

*Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The

existence of a material question of fact is itself a question of law that the district court is

bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the

non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalia*n, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts

showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).


**AltaCare and Healthprime**

Defendant Joseph Morgan asserts that he is entitled to summary judgment on the basis that he is not the plaintiff's employer and thus not amenable to suit under discrimination law.  The plaintiff has failed to respond to the motion for summary judgment.  Nevertheless, it is clear that defendant Morgan is correct that Title VII remedies are available only against employers.  *See, Grant v. Lone Star*, 21 F. 3d 649 (5th Cir. 1994), *cert. denied* 513 U.S. 1015 (1994).  As Morgan is not the plaintiff's employer, he is not amenable to suit under Title VII and is entitled to dismissal.


**Title VII Claims**

In order to prevail in a Title VII discrimination suit, the plaintiff must prove intentional discrimination.  *Jones v. Flagship International*, 793 F.2d 714, 719 (5th Cir. 1986).  Thus, the factual inquiry is whether "'the employer [is] treating some people less favorably than others because of their race, color, religion, sex, or national origin.'"  *Id.*

(*quoting United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 715 (1983)(other citations omitted)).  The burden rests with the plaintiff to prove her case by a preponderance of the evidence, *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253-54, 101 S. Ct. 1089, 1093, 94, 67 L.Ed.2d. 207, 215 (1981); she may do so by offering either direct evidence of discriminatory animus or by offering circumstantial evidence sufficient to support an inference of discrimination.  *Ramirez v. Sloss*, 615 F.2d 163, 168 (5th Cir. 1980).  *See also Lee v. Russell County Bd. of Education*, 684 F.2d 769, 773-74 (11th Cir. 1982).  In the absence of direct evidence of discrimination, the plaintiff must first establish a *prima facie* case of discrimination.

   *McDonnell Douglas Corp. v. Green,*  411 U.S. 792, 93 S. Ct. 1917, 36 L.Ed.2d. 668 (1973), recognized the difficulty of proof for Title VII claimants who rely on circumstantial evidence to prove discrimination.  The Court responded by establishing an order of presentation of proof and an allocation of the burden of production for Title VII claimants. The burden rests with the plaintiff to establish a *prima facie* case of discrimination.  Once the plaintiff meets that burden, the defendant must then articulate some legitimate, nondiscriminatory explanation for the adverse employment action.  Finally, the plaintiff must have an opportunity to prove by a preponderance of the evidence that the explanation offered by the defendant is a pretext for discrimination.  *Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L.Ed.2d. 207 (1981).

   As the Fifth Circuit has explained, a "plaintiff can demonstrate that the reason was pretextual in two ways, 'either [1] directly by persuading the court that a discriminatory reason more likely motivated the employer, or [2] indirectly by showing

that the employer's proffered explanation is unworthy of credence.'" *Hall v. Gilman, Inc.*, 81 F. 3d 35, 37 (5th Cir. 1996), citing *Thornbrough v. Columbus and Greenville R. Company*, 760 F. 2d 633, 639 (5th Cir. 1985)(citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 255, n. 8, 101 S. Ct. 1089, 1094, n. 8, 67 L. Ed. 2d 207 (1981)). The court is mindful that this matter is being considered at the summary judgment and "the question is not whether the plaintiff proves pretext, but rather whether the plaintiff raises a genuine issue of fact regarding pretext." *Id.,*(citing *Thornbrough*, 760 F. 2d at 646).

> Thus a jury issue will be presented and a plaintiff can avoid summary judgment and judgment as a matter of law if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [race] was a determinative factor in the actions of which plaintiff complains. The employer, of course, will be entitled to summary judgment if the evidence taken as a whole would not allow a jury to infer that the actual reason for the discharge was discriminatory.

*Rhodes v. Guiberson Oil Tools*, 75 F. 3d 989, 994 (5th Cir. 1996) (en banc).

Finally, in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742, 125 L.Ed.2d 407 (1993), the Supreme Court held that a plaintiff is not entitled to prevail merely by proof that a defendant's stated reason for the employment actions is pretextual. The Fifth Circuit, interpreting *St. Mary's Honor Center,* held: "To prevail ultimately, the plaintiff must prove, through a preponderance of the evidence, that the employer's reasons were not the true reason for the employment decision and that unlawful discrimination was." *Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955 (5th Cir. 1993).

The United States Supreme Court gave additional guidance on the burden shifting analysis enunciated in *McDonnell Douglas* in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).[1]  The Court held that meeting the requirement of showing a *prima facie* case of discrimination coupled with sufficient proof to allow a jury to determine that the employer's stated nondiscriminatory reason is false is sufficient to support a verdict.   Previously, this Circuit had analyzed Supreme Court precedent to require something beyond a *prima facie* case and rebuttal of the employer's nondiscriminatory reason.  In *Reeves*, the Fifth Circuit had reversed a jury finding of liability when a plaintiff had in fact proved a *prima facie* case of age discrimination and had offered substantial proof to show that the employer's nondiscriminatory reason for the discharge was false.  197 F.3d 688 (5th Cir. 1999).

In resolving a conflict among the Circuits, the Supreme Court reversed the Fifth Circuit and stated "Thus, a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated."  *Reeves*, 530 U.S. at 148. However, the unanimous *Reeves* Court went on to hold "an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was

---

[1]  While the *Reeves* case dealt with a judgment as a matter of law the Court acknowledged that the same standard for judging a motion under Rule 50 is applied under Rule 56 as "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" *Reeves,* 530 U.S. at 150 (*quoting Anderson v. Liberty Lobby Inc.*, 477, U.S. at, 250-251; *see also, Celotex Corp. v. Catrett*, 477 U.S. at 323).

abundant and uncontroverted independent evidence that no discrimination had occurred." *Id.*

## Timely Filing of EEOC Charge

The defendants attack the plaintiff's Title VII claims asserting that she did not timely file a charge of discrimination with the EEOC. Without question, the filing of a timely charge of discrimination is a prerequisite to the maintenance of a Title VII action. *See*, 42 U.S.C. § 2000e-5(e)(1). Under § 2000e-5(e)(1) the claim must be filed within 180 days of the date the alleged unlawful employment practice occurred. "Title VII requires persons claiming discrimination to file a complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the allegedly discriminatory practice occurs. . . . This limitations period begins to run from the time that the complainant knows or reasonably should know that the challenged act has occurred." *Yates v. Mobile County Personnel Bd.*, 658 F.2d 298, 299 (5th Cir. 1981)(*citing Hamilton v. General Motors Corp.*, 606 F.2d 576, 579 (5th Cir. 1979); *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295, 1303 (5th Cir. 1979); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir. 1975); and *See, Delaware State College v. Ricks*, 449 U.S. 250,101 S.Ct. 498, 503-504, 506, 66 L.Ed.2d 431, 439-40, 442 (1980)).

It is uncontradicted that the plaintiff was discharged on August 22, 2007 with the final paperwork signed by Morgan on August 27, 2007. She did not file her EEOC Charge until March 31, 2008. That period of time exceeds 200 days.

However, as pointed out by the Fifth Circuit, the Supreme Court has held that the

180 day period for filing charges with the EEOC is subject to equitable doctrines including tolling. *Barrow v. New Orleans Steamship Association*, 932 F.2d 473, 478 (5th Cir. 1991), citing Zipes v. Transworld Airlines Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982). Some items to be considered in applying equitable tolling include the pendency of a suit between the same parties in the wrong forum, the plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them or the EEOC's misleading the plaintiff about the nature of her rights. *See Chappell v. Emco Machine Works Co.*, 601 F.2d 1295, 1302-03 (5th Cir. 1979). *Chappell* points out that this list is certainly not exclusive and there may be other reasons to apply the doctrine, but the plaintiff has set forth no basis under the facts of this case for equitable tolling of the filing of his EEOC charge. Therefore, the plaintiff's Title VII claims of discrimination and retaliation shall be dismissed.

**Equal Pay Claim**

Finally, the defendants contend that they are entitled to summary judgment on the plaintiff's Equal Pay Act claim. The plaintiff alleges in her Complaint that "the Equal Pay Act of 1963 protects against unfair pay issues." This is a misstatement of the law. The Equal Pay Act, 29 U.S.C. §206(d), prohibits discrimination on the basis of sex by requiring that employees of the opposite sex who perform equal work be paid equally.

To establish a prima facie case for violation of the Equal Pay Act, the plaintiff must establish that the defendants paid different wages to employees of the opposite sex for work which requires equal skill, effort, and responsibility in its performance, and

which is performed under similar working conditions.  *Corning Glass Works v. Brennan*, 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed. 2d 1 (1974).  In this case, the plaintiff has made no effort to discover a wage differential between males and females for equal work.  In fact, the evidence produced clearly shows that all of the clerical workers in the Purchasing Department are female and are paid within a range of $7,384.00 to $21,503.04, based primarily upon date of hire and work performance.  Accordingly, there is no proof of a violation of the Equal Pay Act, and the plaintiff's claim shall be dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' Motion for Summary Judgment **[#38]** is Granted and the plaintiff's complaint is dismissed with prejudice and that all other pending motions are dismissed as moot.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 18th day of February, 2010.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE